UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TCYK, LLC ) | CASE NO. 13-CV-03834 |
| ) | |
| PETITIONER ) | |
| ) | |
| DOES 1-147 COMCAST CABLE ) | FILED |
| COMMUNICATION LLC ) | |
| ) | AUG 1 5 2013 |
| RESPONDENT ) | |
| ) | THOMAS G. BRUTON |
| | CLERK, U S DISTRICT COURT |

## MOTION TO QUASH SUBPOENA SERVICED UPON CUSTODIAN OF RECORDS COMCAST CABLE COMMUNICATION LLC

COMES NOW DOE No. 1-147 and states as follows:

Pursuant to Fed. R. Civ. P. 45 (c) (3) (A), DOE 300 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Cable Communications LLC, because the subpoena requires disclosure of protected information and subjects DOE No 1-147 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE 1-147 to alleged infringing activity.

Plaintiff filed suit in the UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION ( 13 CV-03834) against 1-147 unnamed Doe Defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these 1-147 DOE defendants committed computer fraud and abuse and computer tampering against them.

3. DOE NO. 1-147 is resident of the City of Chicago, Illinois. Comcast Cable Communications LLC is internet service provider (ISP) that provides internet service to its customers, including DOE 1-147 . Plaintiff, TCYK LLC on information and belief, owns and operates computer systems that distribute third-party adult entertainment content. Plaintiff served a subpoena on Custodian of Records, Comcast Cable Communications LLC., to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE no. 1-147 , so DOE no. 1-147 300 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as Exhibit A.

DOE No. 1-147 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE NO 1-147 has personal and proprietary interests. DOE No. 1-147 also has standing to move to quash the subpoena to protect reputational interests. FED . R. CIV . P. 45 (c) (3) (B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

According to the docket sheet for Plaintiff' suit, no defendant has been identified served with process, or answered. The United stats District Court for the Northern District of Illinois thus lacks personal jurisdiction over of the DOE 1-147 at this point.
Plaintiff filed for " discovery" ( before a Rule 26 (f) conference) so that it could serve subpoenas on ISPs , such as Comcast Cable CommunicationsLLC, to determine the internet subscriber names, address, and e-mail addresses associated

with the IP addresses listed in its Complaint. This Motion to Quash is timely filed as Comcast Cable Communications LLC notified Doe 1-147 of the subpoena on June 8,2003 .

The TCYK, LLC complaint and request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to " tag a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought discovery to learn the identify of persons associate with IP address, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that , " IP subscribers are not necessarily copyright infringers… The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR international v. DOES 1-1017, NO, 2:11-cv-02068 ( central District of Illinois ( Judge Harold A. Baker) . The point so aptly made by Judge Baker is that there may or may not be ca correlation between the individual subscriber, the IP address, and infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP ( in the same fashion as Plaintiff seeks to extract such information from Comcast Cable Communications LLC. After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations thought disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material

in questions, should this Court force Comcast Cable Communications LLC to turn over the requested information, DOE no 1-147 would suffer a reputational injury.

8. DOE No. 1-147 resided in a two story residential structure that had been subdivided into various individual sleeping rooms and common areas. DOE no 1-147 was the only one of several persons living in the residential structure that had an internet service provider. His personal computer and internet service connection was maintained in a common lounge area on first floor of said structure. Any resident in this building had access to said personal computer and had ample opportunity to use DOE no. 1-147 IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE no. 1-147 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young woman from public exposure and association with the TCYK LLC allegations- even if later disproven – is too great and presents and undue burden to DOE no 1-147 under FED.R. CIV P. 45 © (3) (A) (iv).

9.If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE no 1-147 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: " Whether you are guilty or not, you look like a suspect," Id. At 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:
" Could discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system to daunting an expensive, for some to ask whether VPR has competent evidence to prove its case".

Id. Discovery is not a game. Yet, plaintiffs in theses types of cases us discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment

of being publicly associated with this type of allegation. Such abuse of the discovery process cannot be allowed to continue.

10. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is requirement that subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D> 224, 226 ( W>D>N>Y. 1998 ) ( "the reach of subpoena issued pursuant to FED. R. CIV. P. 45 is subject to the general relevancy standard applicable to discovery under FED.R. CIV. P. 26 (b) (1)." The information linked to an IP address cannot give you the identity of the infringer. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Moreover, even if the information has some small amount of relevance to the claim – which it does not –discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P 26 (B) (2) (c) (iii).

Plaintiff's request fails that balancing test. Given that DOE no. 1-147 was only one of many persons who could have used the IP address in questions, the quantum of relevance is miniscule at est. However, as discussed above, the burden to DOE no 1-147 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputation injury on the other, means, that this subpoena fails the Rule 26 balancing test. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to the DOE no 1-147 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast to compel the disclosure of the name address, telephone number and e-mail address of DOE no 1-147 .

11. FOR THESE REASONS DOE NO 1-147 REQUESTS THAT THIS Court quash the subpoena served on Comcast in this matter.

Dated August 12, 2013

Respectfully submitted

*Does 1-147*

DOE no. 1-147

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1
Eastern Division

TCYK, LLC

               Plaintiff,

v.                                       Case No.: 1:13-cv-03834
                                       Honorable Harry D. Leinenweber
Does

              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 18, 2013:

      MINUTE entry before Honorable Harry D. Leinenweber:Plaintiff's Motion for leave to take discovery prior to Rule 26(f) conference [5] is granted. Mailed notice(wp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| TCYK, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13-cv-3834 |
| Does 1-147 | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd.<br>70 West Madison Street, Suite 4000<br>Chicago, IL 60602 | Date and Time:<br><br>08/02/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 2, 2013

CLERK OF COURT

OR _____

_____                _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* TCYK, LLC _____, who issues or requests this subpoena, are:
Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-3834

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>TCYK, LLC, )<br>**Petitioner** )<br>)<br>v. )<br>)<br>DOES 1-147 COMCAST CABLE )<br>COMMUNICATION,LLC. )<br>Respondent ) | CASE No.13-CV-03834<br><br>FILED<br>AUG 1 5 2013<br>THOMAS G BRUTON<br>CLERK, U S DISTRICT COURT |

**NOTICE OF FILING**

To: HUGHES SOCOL PIERS RESNICK & DYM,LTD,
70 WEST MADISON STREET,SUITE 4000
CHICAGO,IL 60602

      Please take notice that on or about the 14th day of August,2013, we shall file with the Circuit Court of the Northern District of Illinois, Motion to Quash Subpoena Service Upon Custodian of Records Comcast Cable Communication LLC . The copy of said motion is attached hereof.

_Does 1-147_
Doe no.1-147

## Proof of Service

I, Doe no.1-147, I do certify that copies of the Notice Filing Motion Quash Subpoena Service Upon Custodian of Records Comcast Cable Communication LLC . were sent by Mail to the above mention parties at the giver address on or about the August 14, 2013.


*Does 1-147*
_____
Doe no 1-147