UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TCYK, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-147, <br><br> Defendants. | Case No. 13 CV 03834 |

### MOTION TO QUASH PLAINTIFF'S SUBPOENA SERVICED UPON CUSTODIAN OF RECORDS COMCAST CABLE COMMUNICATIONS LLC RELATING TO IP ADDRESS 67.175.181.242, FOR Doe #133

COMES NOW DOE NO. 133, an individual who COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC., (hereinafter referred to as "Comcast,") alleges owns and/or utilizes a computer with IP address 67.175.181.242 (hereinafter referred to as "John Doe"), by and through his attorneys, THE AMERICAN LAW FIRM, P.C., and moves this Court for an Order to Quash a Subpoena issued by Plaintiff upon Comcast, the alleged internet provider of said "John Doe", and in support thereof states as follows:

### BACKGROUND ON PARTIES AND MOVANT

1. "John Doe," the movant, is an individual who is allegedly a paying subscriber to Comcast, which serves as an internet provider.

2. Comcast alleges that said "John Doe" owns, utilizes and/or has utilized, a computer, that contains a certain IP address, namely IP Address 67.175.181.242, which address was obtained by Comcast through the utilization of a computer connected to Comcast's servers.

3. This action involves unsubstantiated and unspecified allegations by Plaintiff against any unnamed and unknown individual Defendants who Plaintiff alleges conspired to breach Plaintiff's protected computer systems and distribute misappropriated information belonging to Plaintiff. Plaintiff further alleges that such actions were done through the utilization of computers and that said computers in question contained a specific "IP" address (a number specific and intrinsic to every computer).

4. While the subpoena in question is directed only to Comcast, said "John Doe" has standing as an "affected" person to move to quash this subpoena by his right as an affected person to ensure that "protected matter," for example his identity, has not been revealed.

6. An Order was entered by this Court which granted leave to Plaintiff to perform expedited discovery; specifically permission to issue subpoenas to internet providers identified in the Complaint to obtain information sufficient to identify "John Doe" Defendants based solely upon an IP computer address.

7. Plaintiff issued a subpoena to Comcast, which directed Comcast to produce the name and address of the individuals whose computer IP addresses are listed in an attachment to said subpoena.

8. One of the IP addresses contained in said subpoena includes an IP address of a computer that Comcast alleges is a computer registered as a subscriber to their services and is connected to the "John Doe" who is the subject of this Motion.

9. By a letter dated July 19, 2013, "John Doe" was notified by Comcast that Plaintiff was seeking disclosure of its identify and address based upon said alleged IP address and that the information would be revealed unless "John Doe" filed objections to the court.

10. The subpoena in question specifically seeks personal information about said "John Doe" that will permit the Plaintiff to personally identify the name and address of said subscriber.

11. This Court should quash the subpoena issued to Comcast as it relates to the IP address 67.175.181.242, and issue a Protective Order directed to Comcast forbidding the disclosure to Plaintiff of the identity of said "John Doe".

## ARGUMENT

12. Plaintiff joined 147 individual defendants improperly. Federal Rule of Civil Procedure 21 states that "misjoinder of parties is not a ground for dismissing an "action" and the court may remedy improper joinder by "dropping" a party and severing the claim against that party. According to the Federal Rules of Civil Procedure, the purpose of joinder is "to promote trial convenience and expedite the final resolution of disputes thereby preventing multiple lawsuits, extra expenses to the parties, and loss of time to the court as well as the litigants appearing before it." In addition, rules 20(b) states that "the court may issue orders-including an order for separate trials to protect a party against embarrassment, delay expense, or other prejudice that arises from including whom the party asserts no claim and who assets no claim against the party, Federal Rules of Civil Procedure 20(a) & (b).

13. Although "John Doe," through his attorneys, has made continuous efforts to resolve differences without litigation, the Plaintiff as of the date of the filing of this Motion, has failed to return or reply "John Doe's" correspondences sent in effort to resolve the dispute before the court without unnecessarily draining resources of this Court.

14. Said "John Doe" has a personal right and privacy interest to his own identity and to whom his identity will, or will not, be disclosed.

16. The fact that Plaintiff files a Complaint with this Court with wholly unsubstantiated allegations that a particular computer was allegedly used in furtherance of an alleged conspiracy to breach Plaintiff's protected computer systems and allegedly distribute misappropriated information should not serve as a basis for said Plaintiff to be able to force an internet provider to provide information which said provider would otherwise consider private, nor do said allegations serve as a waiver by the subscriber to waive the subscriber's right to maintain the privacy of the subscriber's identity.

17. By information and belief, it is the general policy of Comcast, subject only to Court Order, not to use or share the personal information of their subscribers to third parties, especially their names and home address.

18. Since said "John Doe" has such a privacy right that would be affected by compliance with the subpoena, said "John Doe" has the right to directly challenge this subpoena and file a Motion to Quash such a subpoena. Given the above facts, Doe 133 is a perfect example of a litigant trying to protect against embarrassment, delays and other prejudices. Under this scenario, each of the 147 John Does would be entitled to a separate trail.

19. In a very similar case, Cp productions, Inc. Vs. Does 1-300, the court stated:

> "This court has received still another motion by the "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants- this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, UC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for his action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating unawareness of this Court's dismissal of this action, 1CP's counsel is ordered to appear in court on March 9, 2011 at 9:00a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expenses as a result of this ill-fated as well ill-considered lawsuit. CP productions, Inc. Does 1-300 case 1:2010-cv-06255.

20. Since the sole purpose of the subpoena underlying this action is to obtain the name and address of the individual who allegedly owns and/or utilizes

the computer with said specified IP address, providing the name and/or address of said individual in this Motion to Quash said subpoena would be self defeating and would make this Motion essentially moot and would breach the rights of said individual to request that information be kept confidential.

21. It is clear from the aforementioned letter received by said "John Doe" that Comcast does not intend to file any motion to quash the subpoena nor take any other steps to protect the privacy of their subscribers but instead leaves that obligation and burden to the subscribers.

22. This is clearly a fishing expedition type of subpoena, fishing for the name of any individual that they desire to include as a Defendant since there is no intrinsic relationship between the person who pays for Internet Service and any persons who might have utilized a particular computer in an improper fashion. In fact, there remains the distinct possibility that a person other than the subscriber improperly "hacked" into a person's computer and/or internet access account and performed these alleged acts, although in no way is this statement to be construed as any sort of admission of any liability or guilt on the part of the movant.

23. This position is clearly enunciated in an action entitled *VPR Internationale v. Does 1017*, 2011 U.S. Dist. LEXIS 64656 (CD. Ill.... 11-2068), where the Court was considering a Motion to Certify for Interlocutory Review the Court's denial of two prior Motions for expedited discovery in a case that also involved allegations of illegal downloading of adult films by "John Does" with certain IP addresses. The Hon. Harold Baker, in an Order dated April 29, 2011, stated that "IP subscribers are not necessarily copyright infringers.. ..(t)he infringer might be a subscriber, someone in the subscriber's household, a visitor with a laptop, a neighbor, or someone parked on the street at any given moment". The Order then cites a MSNBC investigation of a case in which federal agents raided a house, seized all computers and other electronic equipment based upon allegations of downloading pornography only to later learn that a neighbor had used multiple IP subscriber WI-FI connections without any knowledge by the Subscriber. The Order, first noting that the Court had no jurisdiction over even a single "John Doe", discredited Plaintiff's argument that the subscribers could always file Motions to Quash if expedited discovery were to be allowed.

24. The observations enunciated by the Court in the *VPR Internationale*, highlights not only the highly invasive aspect of the subpoena as it relates to the privacy rights of a subscriber but also highlights the complete lack of any relevancy between the information being requested in the subpoena and the allegations of the Complaint.

25. Simply stated, the identity of the subscriber through an IP address does not provide the identity of the alleged infringer. As pointed out by the Court in *VPR Internationale*, the infringer could be any person and the subscriber not only might not know who the identity of alleged infringer but also is likely not to

even know that such alleged infringements occurred through utilization of his IP address.

26. The subscribers, including the moving party, have both a contractual right of privacy as it relates to their relationship with their internet provider and a federally protected general right to privacy of their identity. This right to privacy far outweighs any desire by the Plaintiff to seek the name of the subscriber when they are totally unable to provide even a scintilla of evidence that any particular subscriber actually performed an illegal act.

27. In the Order from *VPR Internationale v. Does*, the Court concluded with the following reflection: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether (the Plaintiff) has competent evidence to prove its case." *Id.*

28. On June 14, 2012, a federal judge in Chicago, Honorable Gary Feinerman, quashed four subpoenas that would have let a company called AF Holdings, which is a porn studio upon information, identify hundreds of subscribers accused of using technology to share videos. *AF Holdings, LLC v. Comcast Cable Communications, LLC* Case No.: 12-cv-03516 (The Northern District of Illinois, Eastern Division). Comcast filed the motion to quash to defeat the same effort being made by the plaintiff in the instant case.

29. In the Comcast case, a Caribbean-based holding company sought the names of subscribers it accused of sharing an adult video. The firm, AF Holdings, had obtained subpoenas in different states that required Comcast to supply the names of hundreds of these "John Does" based on their internet addresses, reportedly. AF Holdings sued Comcast for contempt of court after Comcast reportedly refused to hand over the subscribers' names and email addresses. In a court filing, Comcast said the subpoenas in question should be quashed because AF Holdings was abusing the legal system.

30. According to Comcast, AF Holdings' real agenda was to obtain the defendants' email addresses in order to threaten and embarrass them into paying a settlement. The court agreed with Comcast.

31. In that case, as in the instant matter, the plaintiff had no interest in actually litigating their claims against the Doe defendants, but simply sought to use the Court and its subpoena powers to obtain sufficient information to shake down the Doe defendants.

32. The aforementioned precedents overwhelmingly support the argument that this Motion to Quash should be granted.

## CONCLUSION

33. There is no question that joinder has necessitated the expenditure of a great deal judicial resources. As one court has noted, It is likely that

Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial would be inefficient, chaotic, and expensive. Joinging Defendants to resolve what at least superficially appears to be a relatively straight forward case would in fact transform it into a cumbersome procedural albatross.

34. These difficulties would place tremendous burden on defendants as well each Defendant would have the right to be present at every other Defendant depositions, a thoroughly unmanageable and expensive ordeal. And, pro se Defendant's would most likely not e-file, would be required to serve every other defendant with copy of their pleadings and other submissions throughout the pendency of the actions at substantial cost.

**WHEREFORE**, for all of the foregoing reasons, "John Doe" moves the Court for entry of an Order for the following relief:

- A. Quash the Subpoena issued to Comcast to the extent that it requires the disclosure of the name and address of said "John Doe" with IP address 67.175.181.242;

- B. Issue a Protective Order forbidding the disclosure of said information by Comcast to Plaintiff;

- C. Any and other further relief deemed just and proper by this Court.

Respectfully Submitted

*The American Law Firm,*

By:_____
JOHN HANSEN, Attorney for
John Doe known as IP address 67.175.181.242.

Prepared by:
*AMERICAN LAW FIRM, P.C.*
JOHN HANSEN
475 Executive Parkway
Rockford, IL 61107
Phone: (815) 397-2006
Fax:   (815) 394-1955